IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:10-CR-032 |
| | § | |
| NATHANIEL DELUIS | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on May 10, 2017, to determine whether Defendant violated his supervised release. On August 22, 2017, the Court held a hearing to review the competency report with the Parties. On September 11, 2017, the Court re-convened for the final revocation hearing. Defendant was represented by Robert Arrambide. The Government was represented by Tracey Batson.

Nathaniel Deluis was sentenced on August 31, 2011, before the Honorable Richard A. Schell of the Eastern District of Texas, after pleading guilty to the offense of Distribution of Heroin, a Class C felony. This offense carried a statutory maximum imprisonment term of not more than twenty (20) years. The guideline imprisonment range, based on a total offense level of 35 and a criminal history category of VI, was 240 months. Pursuant to a binding plea agreement for departure accepted by the Court, a sentence was imposed that departed below the advisory guideline range. Nathaniel Deluis was subsequently sentenced to sixty (60) months imprisonment followed by a three (3) year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug treatment and testing, $100 special assessment, and a five-year period of federal benefits ineligibility. On August 7, 2014, Nathaniel Deluis completed his period of imprisonment and began service of the supervision term. On

December 11, 2014, the term of supervision was revoked and the Defendant was sentenced to twenty-four (24) months imprisonment followed by an additional one (1) year term of supervised release. The subsequent term of supervised release commenced on July 26, 2016.

On April 23, 2017, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 97]. The Petition asserted that Defendant violated five (5) conditions of his supervision as follows: (1) Defendant shall refrain from any unlawful use of a controlled substance; (2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician; (3) Defendant shall not commit another federal, state, or local crime during the term of supervision; (4) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; and (5) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the United States Probation Office, until such time as the Defendant is released from the program by the probation officer.

The Petition alleges that Defendant committed the following acts: (1) and (2) On September 27, 2016, Defendant submitted a urine specimen, which tested positive for marijuana. On October 5, 2016, Defendant admitted both verbally and in writing to said use of marijuana. On February 17, 2017, Defendant admitted both verbally and in writing to using methamphetamine, marijuana, cocaine, heroin, and alprazolam. Defendant stated he used these substances between February 12 and 17, 2017. On March 21, 2017, Defendant submitted a urine specimen, which tested positive for codeine and morphine. This specimen was confirmed positive by Alere Toxicology Services, Inc., (3) On February 17, 2017, Defendant was instructed to submit a urinalysis at the United States Probation Office. During the attempted collection, United States

Probation Officer Darryl Frederick observed on the Defendant's person what appeared to be a device commonly known as a Whizzinator, which is designed to deceptively provide a urine specimen, in violation of Texas Health and Safety Code, Section 481.133(a), a Class B Misdemeanor.  Defendant was instructed to hand over the device to the probation officer, but he refused.  Following this observation, Defendant was instructed to remain in the lobby of the United States Probation Office in order to speak with his officer; however, Defendant left the office, therein failing to follow instructions.  On March 21, 2017, Defendant submitted a urine specimen at the United States Probation Office; however, the specimen amount was insufficient for testing.  The Defendant was instructed to remain in the lobby of the United States Probation Office until such time as he could produce a sufficient amount of urine for testing.  The Defendant left the probation office, therein failing to follow instructions; and (5) On March 21, 2017, the United States Probation Officer provided the Defendant with two alternatives for residential substance abuse treatment programs, as he previously expressed a desire for such. The Defendant was instructed to begin the admissions process immediately, and was instructed that he must successfully complete the residential program once admitted.  On April 11, 2017, the probation office spoke with Letisha Young, Supervisor of the Homeward Bound Residential Substance Abuse Treatment Program, who advised the Defendant left the facility against their advice as he refused to provide a urinalysis upon their request.  The offender was unsuccessfully discharged from the residential treatment program.

    Prior to the Government putting on its case, Defendant entered a plea of true to all five (5) of the allegations of the Petition.  Having considered the Petition and the plea of true to all five (5) allegations, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months imprisonment followed by a term of supervised release of twelve (12) months. The Court further recommends special conditions to include: (1) Defendant will participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged; (2) Defendant will participate in a program of testing and treatment for drug abuse, and follow the rules and regulations of that program, until discharged; (3) Defendant shall reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days to commence upon release from confinement and must observe the rules of that facility. Should Defendant obtain a residence approved by the probation officer during the 180 day placement, Defendant shall be released; (4) Results of the psychiatric evaluation conducted by the Bureau of Prisons shall be released to the mental health provider upon commencement of supervision; and (5) Defendant must discuss the results of the Bureau of Prisons psychiatric evaluation with the mental health provider during the initial visit.

The Court also recommends that Defendant be housed in the Bureau of Prisons Ft. Worth, Texas facility, if appropriate.

Dated this the 15th day of September, 2017.

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE