# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| | § CASE NUMBER 4:10-CR-00032 |
| v. | § |
| | § |
| | § |
| NATHANIEL DELUIS (3) | § |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on September 25, 2018, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Heather Rattan.

Nathaniel Deluis was sentenced on August 31, 2011, before The Honorable Richard A. Schell of the Eastern District of Texas after pleading guilty to the offense of Distribution of Heroin, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 35 and a criminal history category of VI, and due to the 20-year statutory maximum, was 240 months. Nathaniel Deluis was subsequently sentenced to 60 months imprisonment followed by a three-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare, a $100 special assessment, and denial of federal benefits for a period of five years. On August 7, 2014, Nathaniel Deluis completed his period of imprisonment and began

service of the supervision term. On December 11, 2014, the term of supervision was revoked and he was sentenced to 24 months imprisonment followed by an additional one-year term of supervised release. This term of supervised release commenced on July 26, 2016. On September 15, 2017, the term of supervised release was again revoked and he was sentenced to 12 months imprisonment followed by 12 months supervised release. This term of supervision began on May 1, 2018.

On August 7, 2018, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 122, SEALED]. The Petition asserted that Defendant violated three (3) conditions of supervision, as follows: (1) You must not unlawfully possess a controlled substance; (2) You must refrain from any unlawful use of a controlled substance; and (3) You must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program.

The Petition alleges that Defendant committed the following acts: (1) On May 4, 2018, Nathaniel Deluis admitted verbally and signed a written admission to using methamphetamine on May 1, 2018, the evening he was released from custody; (2) On July 24, 2018, Nathaniel Deluis admitted verbally and signed a written admission to using methamphetamine and heroin on or about July 22, 2018. On or about July 28, 2018, Nathaniel Deluis had contact with the Mesquite Police Department and admitted (and was observed) to being under the influence of narcotics, presumably heroin. On August 5, 2018, Nathaniel Deluis was unsuccessfully discharged from dual diagnosis residential drug treatment at Turtle Creek Recovery Center in Dallas, Texas, for being under the influence of narcotics, presumably heroin, and overdosing at the facility; and (3) On July 7, 2018, Nathaniel Deluis was unsuccessfully discharged from residential substance abuse

treatment at the House of Isaiah in Mabank, Texas, for failing to participate in programming and subsequently walking away from the facility. On August 5, 2018, Nathaniel Deluis was unsuccessfully discharged from dual diagnosis residential drug treatment at Turtle Creek Recovery Center in Dallas, Texas, for being under the influence of narcotics, presumably heroin, and overdosing at the facility.

Prior to the Government putting on its case, Defendant entered a plea of true to all three (3) allegations of the Petition. Having considered the Petition and the plea of true to all three (3) allegations, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

### **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends the Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-four (24) months, with no supervised release to follow.

The Court also recommends that Defendant be housed in a federal medical facility for drug treatment and psychiatric treatment, if appropriate.

**SIGNED this 2nd day of October, 2018.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE